Totten, J.,
delivered the opinion of the court.
This case, originating before a Justice of Rutherford, came into the circuit court by certiorari, where a motion was made to quash the judgment and execution, upon the following state of facts. The case before the Justice, was set for trial on the 4th of September, 1849, and was then continued, on defendant Hubbard’s motion. On the 22d December, 1849, the Justice wrote these words on the warrant, “judgment $37 00,” and at the same time issued an execution against the defendant. On the 24th December 1849, he rendered a formal judgment for said sum, and antedated it, to the 4th of September 1849. The defendant did not appear, nor was he summoned to appear to defend against any of these proceedings after the continuance on the 4th September, nor was the continuance to any day certain.
*221 In the first place, we have a strong objection to these fictitious proceedings, which appear on their face to be, what in fact they were not. Before judicial tribunals, such a thing is wholly inadmissible, though it be in these domestic forums, whose proceedings are most informal.
The extensive and varied jurisdiction conferred on Justices of the Peace, would seem to require, that there should be substantial accuracy, at least, in their proceedings. This is demanded by what is due to the rights and interests of parties, to the protection and security of officers who execute the pro ■ cess, and of persons who may become purchasers of property at their sales.
Now in the present case the execution actually goes before the judgment, for, when it issued, there was in fact no judgment' to execute. The memorandum, “judgment $37 00,” should not be regarded as of any validity; for, in addition to its being vague and uncertain in itself, it was not made at any trial of the suit. It does not appear for whom it was rendered, and if the defence were set off, it might be as well for the defendant as the plaintiff, as the balance of debt might appear for the one party or the other. Act 1815, ch. 53. The formal judgment, that was antedated, was rendered in the absence of defendant and without notice to him, and without any trial of the matter in dispute between the parties ; it must therefore, be regarded as merely void.
As to the question of practice, which has been made in the present case, it is certainly true that no objection can be taken collaterally to any proceeding before a Justice, if it appear fair and regular on its face and relate to a subject within his jurisdiction ; but the objection must be taken directly, in a suit impeaching the proceeding before the Justice, and seeking to have it corrected or annulled.
This may be done by causing the proceeding to be certified to the circuit court, and parol evidence is admissible to show *222 the true state of the case. This practice was adopted in the present case, and we think the circuit court erred in refusing to quash the judgment and execution in question.
The judgment of the circuit court will be reversed — the judgment and execution before the Justice be quashed— and a procedendo will issue, with instructions that the original papers before the Justice be restored to him, and that he summon the parties and proceed to trial and judgment in the case.
Judgment reversed.